# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN O'HINES,<br><br>　　　　Petitioner,<br><br>v.<br><br>DEPT WARDEN TOERS-BIJNS, Warden, et al.,<br><br>　　　　Respondents. | Civil No.　08-1330 WQH (POR)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On July 21, 2008, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On August 5, 2008, this Court issued an Order dismissing the case without prejudice for Petitioner's failure to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the filing fee. [Doc. No. 4.] To have the case reopened, Petitioner was advised that he must either pay the $5.00 filing fee or provide adequate proof of his inability to pay the fee by September 30, 2008.

On August 18, 2008, Petitioner submitted a motion for leave to proceed in forma pauperis, which the Court granted on October 8, 2008. [Doc. Nos. 3, 4.]. The Court also dismissed the action because Petitioner already had a petition for writ of habeas corpus pending in this Court under case number 08cv0698 which appeared to challenge the same conviction as he was challenging in the present case. (*See* case number 08cv0698 [doc. no. 8 at 1].) In the Court's October 8, 2008 Order, Petitioner was directed to clarify for the Court whether he was

1 indeed challenging the same conviction as he was challenging in case number 08cv0698 or
2 whether he was challenging a separate conviction.  On October 29, 2008, Petitioner filed a First
3 Amended Petition.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Ombudsman John Ontiveros, Matt Mulford 18400, 110 West A. Street, Ste 1100," as Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional
///

facility in which Petitioner is presently confined or the Director of the California Department of

Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims: (1) "abnormally dangerous activity in re: the absolute priority rule"; (2) "duplicitous appeal from two separate judgments from a judgement or order or from two orders"; (3) Native American private citizen person aka Yellow Fox of seminoles-cherokee-choctaw-blackfoot Indian tribes eligibility indispensable party"; and (4) "quitain (sic) action." (*See* Pet. at 6-9.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

## **VENUE**

Finally, it is not clear that the United States District Court for the Southern District of California is the proper venue for Petitioner's petition. A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See*

28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined in Florence, Arizona, which is within the jurisdictional boundaries of the United States District Court for the District of Arizona. *See* 28 U.S.C. § 82. On page one of the petition, Petitioner states he is challenging a conviction from the San Luis Obispo County court, which is located within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). If this is correct, jurisdiction would exist in Arizona and the Central District of California, but not in the Southern District of California. Petitioner is thus advised that he must file in either of those district courts if he seeks to challenge a state court conviction from San Luis Obispo County.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must file a Second Amended Petition **no later than January 30, 2009.  THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK SECOND AMENDED PETITION FORM TO PETITIONER TOGETHER WITH THIS ORDER.**

**IT IS SO ORDERED.**

DATED:  November 26, 2008

**WILLIAM Q. HAYES**
United States District Judge