# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN O'HINES,<br><br>　　　　　　　　　　　Petitioner,<br><br>　v.<br><br>JEFF FREELAND, Warden,<br><br>　　　　　　　　　　　Respondent. | Civil No.　08-1330 WQH (NLS)<br><br>**ORDER DISMISSING THIRD AMENDED PETITION WITHOUT PREJUDICE** |

On July 21, 2008, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On August 5, 2008, this Court issued an Order dismissing the case without prejudice for Petitioner's failure to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the filing fee. [Doc. No. 2.] To have the case reopened, Petitioner was advised that he must either pay the $5.00 filing fee or provide adequate proof of his inability to pay the fee by September 30, 2008.

On August 18, 2008, Petitioner submitted a motion for leave to proceed in forma pauperis, which the Court granted on October 8, 2008. [Doc. Nos. 3, 4.] The Court also dismissed the action because Petitioner already had a petition for writ of habeas corpus pending in this Court under case number 08cv0698 which appeared to challenge the same conviction as he was challenging in the present case. (*See* case number 08cv0698 [doc. no. 8 at 1].) In the Court's October 8, 2008 Order, Petitioner was directed to clarify for the Court whether he was

1  indeed challenging the same conviction as he was challenging in case number 08cv0698 or
2  whether he was challenging a separate conviction.  On October 29, 2008, Petitioner filed a First
3  Amended Petition, which this Court dismissed on November 26, 2008, for Petitioner's failure
4  to name a proper respondent, state a cognizable federal claim, and demonstrate that venue is
5  proper in the Southern District of California. [Doc. Nos. 7, 8.]  Petitioner was advised that he
6  could have the case reopened if he submitted a Second Amended Petition that cured the pleading
7  deficiencies before January 30, 2009.

8  On December 29, 2008, Petitioner filed a Second Amended Petition which listed the
9  above habeas corpus case number, but was submitted on a Civil Rights Act 42 U.S.C. § 1983
10 form. [Doc. No. 9.]  This Court dismissed the Second Amended Petition on January 22, 2009
11 for Petitioner's failure to name a proper respondent and state a cognizable claim on federal
12 habeas. [Doc. No. 13.]  Petitioner was advised that he could have the case reopened if he
13 submitted a Third Amended Petition which cured the pleading deficiencies before March 11,
14 2009, but that he would be given no further opportunities to amend the present case if the Third
15 Amended Petition did not cure the deficiencies and would instead have to begin again by filing
16 a new federal habeas petition.

17 On February 2, 2009, Petitioner filed Third Amended Petition.  [Doc. No. 16.]  In
18 response to this Court's Order, Petitioner has named the proper Respondent, Jeff Freeland.
19 However, the Petition is **DISMISSED** for the following reasons.

20 **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

21 Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set
22 forth in summary form the facts supporting each of the grounds . . . specified [in the petition]."
23 Rule 2(c), 28 U.S.C. foll. § 2254.  *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir.
24 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made
25 conclusory allegations instead of factual allegations showing that he was entitled to relief).
26 Here, Petitioner has violated Rule 2(c).  Petitioner makes conclusory allegations in claim one
27 that his conviction was the result of an "illogical plea bargain"; in claim two that his right to
28 appeal was violated; in claim three that he suffered a violation of his right against self-

incrimination; and in claim four that his conviction violates the double jeopardy clause. (Pet. at 4-5.) Although Petitioner does not fail to state generalized constitutional grounds for relief, he does fail to provide specific factual allegations in support of such grounds.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). The Court finds that the Petition contains conclusory allegations without any specific facts in support of relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its numerous attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court

remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### **CONCLUSION**

Petitioner was advised in the preceding dismissal Order that if he filed a Third Amended Petition which failed to cure the deficiencies in his petition, he would be given no further opportunities to amend the present case, but would have to begin again by filing a new federal habeas petition which will be given a new civil case number. Accordingly, and for all the foregoing reasons, the Court **DISMISSES** the case without prejudice and without leave to amend.

**IT IS SO ORDERED.**

DATED: February 18, 2009

**WILLIAM Q. HAYES**
United States District Judge